IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE C. RIGGS, *pro se*, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 3:2008-247 |
| ) | |
| v. ) | |
| ) | |
| MYSPACE, INC., NEWS CORPORATION,) | |
| and TOM ANDERSON, ) | JUDGE GIBSON |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER OF COURT**

**GIBSON, J.**

This matter comes before the Court on the Defendants MySpace, Inc. and News Corporation's Motion to Dismiss for Improper Venue or in the alternative, Motion to Transfer Action (Document No. 4) and Defendant Tom Anderson's Motion to Set Aside the Default (Document No. 14). For the reasons stated herein, the Motion to Dismiss for Improper Venue will be denied, the Motion to Transfer Action will be granted. The Court will defer ruling on the Motion to Set Aside the Default in order that the United States District Court for the Central District of California may rule upon it.

MySpace, Inc. (hereinafter "MS") owns the website www.myspace.com, a social networking website through which the Plaintiff created her profile page on July 1, 2006. Complaint (Document No. 1), ¶¶ 8, 23. Plaintiff encountered profile pages that appeared to be established by well known celebrities, but were, in the words of the Plaintiff, "celebrity imposters". Complaint, ¶ 24. On September 14, 2006, in an effort to confirm the identity of true celebrities for the members of MS website, the Plaintiff created a separate account for a second MS profile entitled "Celebrity Guardian Angel". Complaint, ¶¶ 25-26. Many celebrities of television and motion pictures linked their profiles

to the Celebrity Guardian Angel website after the Plaintiff confirmed their identities in furtherance of her efforts to curb the presence of celebrity imposters placing profiles on the MS webpage. Complaint, ¶¶ 25-33. On December 5, 2006, the Plaintiff was notified by MS that her Celebrity Guardian Angel account was deleted for violation of the account's terms of use. Complaint ¶ 35. The apparent reason for the deletion was a complaint originating from a celebrity imposter of the actor Johnny Depp claiming actions by the Plaintiff that were "harassing and bullying" in nature. Complaint, ¶¶ 39-40. "On or about February 27, 2007", the Plaintiff began a second Celebrity Guardian Angel without the official endorsement of MS, despite her attempts to obtain one. Complaint, ¶¶ 99-113. In 2008, MS launched their own website for celebrities using what the Plaintiff believes was her concept and she seeks damages for what she alleges is an implied breach of contract. Complaint ¶¶ 114-127. The Complaint also states causes of action sounding in negligence, breach of implied contract, fraud and intentional infliction of emotional distress. *See generally*, Complaint.

At issue in the Motion to Dismiss for Improper Venue or in the alternative, Motion to Transfer Action is the MS account's terms of use (hereinafter "TOU"). The TOU must be accepted by a new member to the MS webpage "by clicking an acknowledgment box." Complaint ¶ 16. Within the TOU is paragraph 15 which reads:

15. **Disputes**. If there is any dispute about or involving the MySpace Services, you agree that the dispute shall be governed by the laws of the State of California, USA, without regard to conflict of law provisions and you agree to exclusive personal jurisdiction and venue in the state and federal courts of the United States located in the State of California, City of Los Angeles. Either MySpace.com or you may demand that any dispute between MySpace.com and you about or involving the MySpace Services must be settled by arbitration utilizing the dispute resolution procedures of the American Arbitration Association (AAA) in Los Angeles, California, USA, provided that the foregoing shall not prevent MySpace.com from seeking injunctive relief in a court of competent jurisdiction.

Complaint, ¶ 72. *See also* Plaintiff's Opposition (Document No. 11), Exhibit B.

Defendants, MS and News Corporation, request in their motion that this matter be dismissed for improper venue or alternatively transferred to United States District Court, Central District of California, in accordance with the "venue selection and choice of law clause" quoted above. Defendant's Brief (Document No. 5), p. 1.

The Plaintiff in her response does not seek to compel arbitration, but argues that MS's failure to arbitrate in accordance with its TOU is in fact a breach of contract permitting her to legally avoid restrictions found in the choice of law and forum selection clauses set forth in the TOU and allow her to file her civil action in this Court. Plaintiff's Opposition, p. 3

Although the Plaintiff made every good effort to effectuate the arbitration clause set forth in the TOU, the Plaintiff's original Celebrity Guardian Angel MS page was already deleted clearly signaling MS's termination of the contract. The Plaintiff alleges her account was terminated on December 5, 2006 (Complaint ¶ 35) and she demanded arbitration on February 15, 2007 (Complaint ¶ 72). The Plaintiff's breach of contract claim set forth in the Complaint ¶¶ 72-75 is based on the failure to arbitrate beginning in February 2007. It is alleged that MS deleted the Plaintiff's account for breach of the TOU (Complaint ¶ 35) but the Plaintiff disputes this contending she "complied with the TOU." Plaintiff's Opposition (Document No. 11), p. 3. Assuming a breach occurred in MS's unilateral action in terminating the Plaintiff's account, it was an immaterial breach. The arbitration clause was not a condition of performance under the TOU, but provided for resolution of "any dispute" between MS and the Plaintiff. MS's repudiation of the arbitration terms did not affect the contract in such a manner that performance was affected nor did it affect the other remedial provisions of the same paragraph. The

3

arbitration clause itself contemplates a concurrent litigation action by MS when it wishes to seek injunctive relief. The provisions addressing the choice of law and venue concern the parties' engagement in *litigation*, not *alternative dispute resolution* through arbitration. Therefore, breach of the covenant to arbitrate by MS does not cause a breach of the remaining provisions of paragraph 15 of the TOU.[1] However, a breach of the arbitration covenant by MS after the Plaintiff's good faith effort to comply that provision projects this matter into the courts for resolution. However, which court possesses jurisdiction over this matter and how the terms of paragraph 15 affect the legal disposition of this matter remain issues which must be resolved.

The first sentence of paragraph 15 indicates that the parties have chosen California law to govern their disputes arising from the TOU. The Plaintiff raises no objection to this term. Therefore, this Court will apply California law.

However, the Plaintiff objects to the forum selection clause of paragraph 15 by arguing that MS breached the contract and the contract was entered into in Somerset County, Pennsylvania, not California. Plaintiff's Brief, p. 3. This is irrelevant for our present purposes as the presence of a contract is admitted by the parties and because the TOU contains a choice of law provision that has not been contested by the Plaintiff.[2]

This Court, possessing subject matter jurisdiction pursuant to 28 U.S.C. § 1332, applies the

---

[1] The complete TOU was never provided to the Court.

[2] The place of contracting is one factor in analyzing choice of law issues under Pennsylvania law in the absence of a choice of law by the parties to a contract. *See* Restatement (Second) of Conflict of Laws § 188 (2) and *Griffith v. United Air Lines, Inc.*, 203 A.2d 796 (Pa. 1964).

4

choice of law principles of the forum state of Pennsylvania-these principles derive from the Restatement (Second) of Conflict of Laws § 187. *Kruzits v. Okuma Mach. Tool, Inc.,* 40 F.3d 52, 55 (3d Cir. 1994). Section 187 enforces the contracting parties' choice of law set forth in their agreement if it was an issue for which an agreement as to the applicable law could be made. The Court finds no basis to conclude that the choice of law provision in the TOU cannot be made for the matters in dispute.

MS sought dismissal of this matter under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue or alternatively a transfer to another court under 28 U.S.C. § 1404(a) based upon the phrase of paragraph 15, "you agree to exclusive personal jurisdiction and venue in the state and federal courts of the United States located in the state of California, City of Los Angeles."

An individual possesses a right not to be subject to a court's jurisdiction, this right is a liberty interest protected by the due process clause and it may be waived like many other individual rights. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 703-704 (1982). In this instance the Plaintiff possessed the right prior to entering into the TOU to not be subject to California jurisdiction, but as a condition of the TOU assented to the personal jurisdiction of the state and federal courts within the city of Los Angeles for purposes of disputes under the TOU. "While it is true that the parties may not *deprive* courts of their jurisdiction over causes by private agreement (see Rest.2d Conflict of Laws, s 80, com. a), it is readily apparent that courts possess discretion to *decline* to exercise jurisdiction in recognition of the parties' free and voluntary choice of a different forum." *Smith, Valentino & Smith, Inc. v. Superior Court*, 131 Cal.Rptr. 374, 377 (1976)(emphasis in original).

Without such an agreement, MS would have to seek personal jurisdiction over the Plaintiff in

Pennsylvania where she lives or in California by arguing that the Plaintiff has sufficient contacts with the state of California such that she is subject to a Los Angeles court's personal jurisdiction. Of course the purpose of the clause is to simplify this question and make it easier for MS to seek resolution of any complaint it may have against the Plaintiff arising from disputes under the TOU. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002)(citation omitted). "[T]he existence of jurisdiction in one forum does not necessarily negate the existence of jurisdiction in another forum." *Id.* at 1113. Nevertheless, parties to a contract may resolve to place exclusivity to their choice of forum and when this is done, other forums for the dispute in essence become incompetent by that agreement. *Berg v. MTC Electronics Technologies*, 71 Cal Rptr. 2d 523, 529-530 (Cal.App. 2 Dist. 1998).

The forum selection clause places exclusive personal jurisdiction within the state and federal courts located in Los Angeles, California. The mandatory nature of this clause is clear; such clauses are generally enforceable and the Court finds no basis to conclude that it is unreasonable because the Plaintiff agreed to what was basically a "take it or leave it" adhesion contract with no room for negotiation. *See Aral v. Earthlink, Inc.*, 36 Cal. Rptr.3d 229, 239 (Cal.App. 2 Dist. 2005). The Plaintiff does not present any argument that the present clause is otherwise unfair or unreasonable aside from her argument that the entire contract has been breached freeing her to bring this civil action in this venue. As noted previously, any breach of the arbitration clause does not reach beyond that clause within paragraph 15. The Court will deny the motion pursuant to Federal Rule of Civil Procedure 12(b)(3), but grant the alternative motion under 28 U.S.C. § 1406 and transfer this matter to the United

States District Court for the Central District of California. The Court will deny the Defendants' alternative motion to transfer pursuant to 28 U.S.C. § 1404(a). Ruling is deferred on Defendant Tom Anderson's Motion to Set Aside the Default (Document No. 14) to the United States District Court for the Central District of California so that that court may determine the issue of whether service was proper within the state of California such that the entry of default was proper. This is the most prudent action in order for this Court to comply with the forum selection clause.

**AND NOW**, this 30th day of April, 2009, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT Defendants MySpace, Inc. and News Corporation's Motion to Dismiss for Improper Venue or in the alternative, Motion to Transfer Action (Document No. 4) IS GRANTED IN PART pursuant to 28 U.S.C. § 1406 and DENIED IN PART as to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404.

**IT IS FURTHER ORDERED THAT** pursuant to 28 U.S.C. § 1406, the Clerk of Court shall transfer this matter to the United States District Court for the Central District of California.

**IT IS FURTHER ORDERED THAT** ruling is deferred on Defendant Tom Anderson's Motion to Set Aside the Default (Document No. 14) so that United States District Court for the Central District of California may rule upon it as it is the court of choice set forth in the forum selection clause of the parties contract.

BY THE COURT:

*/s/ Kim R. Gibson*

**KIM R. GIBSON,
UNITED STATES DISTRICT COURT**

7